IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN KEITH FITZGERALD,<br>Plaintiff,<br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the Social Security Administration,<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br>NO. 12-4145 |

**MEMORANDUM OPINION**

Pratter, J.                                                                                                                        May 13, 2013

## I.   INTRODUCTION

Plaintiff Brian Keith Fitzgerald, by and through his counsel, Ralf W. Greenwood, Jr., Esquire, has filed a Motion for Reconsideration [Doc. No. 12] requesting that this Court rescind its February 28, 2013 Order and Judgment [Doc. Nos. 10 & 11] approving and adopting the Report and Recommendation ("R&R") of United States Magistrate Judge David R. Strawbridge, and affirming the decision of the Defendant Commissioner of the Social Security Administration.

## II.   BACKGROUND

Mr. Fitzgerald filed his complaint in this Court on July 20, 2012, seeking review of a final administrative decision denying his 2009 claim for disability benefits. The matter was referred to Judge Strawbridge for an R&R. Pursuant to the September 5, 2012 Procedural Order for Social Security Review [Doc. No. 4], Defendant filed and served an answer and a certified copy of the administrative record on September 25, 2012. Mr. Fitzgerald should have filed his Brief & Statement of Issues in Support of Request for Review within 45 days of service of Defendant's answer; however, he did not file such a brief, which would have been due on or

1

about November 12, 2012.  On January 15, 2013, more than 100 days after service of Defendant's answer, Judge Strawbridge issued an Order directing Mr. Fitzgerald to submit a brief or show cause by January 25, 2013, why the matter should not be dismissed for lack of prosecution, or submitted for determination without the benefit of a brief [Doc. No. 8].  No brief or response was submitted to the Court.  Nonetheless, Judge Strawbridge did not dismiss the matter for lack of prosecution, but assessed the merits of Mr. Fitzgerald's request for review on the available record documents.  No objections to the R&R were filed, and this Court approved and adopted the R&R on February 28, 2013.

Mr. Fitzgerald's counsel, Mr. Greenwood, now requests that the Court rescind the final Order and Judgment, and reopen the case.  Apparently, Mr. Greenwood learned on March 22, 2013, that he had missed a briefing deadline in an unrelated matter, which prompted him to investigate his failure to receive notices of any activity in that other case.  Mr. Greenwood claims that, after a conversation with the Case Processing Supervisor in the Clerk's Office, he "learned (1) the [Electronic Case Filing ("ECF")] system had an incorrect email address for Counsel, and (2) the ECF system had somehow malfunctioned and failed to advise [the Clerk's Office] that all e-mailings to Counsel through the ECF system were not being delivered to Counsel."[1]  Mr. Greenwood also discovered at that time that he had not received any notice of activity in this *Fitzgerald* case either, including Judge Strawbridge's Order to Show Cause, the R&R, or this Court's final Order and Judgment.

### III.  DISCUSSION

---

[1] Mr. Greenwood also claims that his law practice has been adversely affected because he lost his computers and records when his office was burglarized on March 16 or 17, 2013.  Although the Court can be sympathetic to these circumstances, a burglary in March has no bearing on Mr. Greenwood's failure to monitor a case that was closed the month before, in February.

First, the Court notes that the April 22, 2013 Motion for Reconsideration is filed well out of time. Pursuant to Local Civil Rule 7.1(g), motions for reconsideration must be filed within 14 days after the entry of the judgment, order, or decree concerned. However, in light of Counsel's claim that he failed to receive any documents or orders filed electronically in this case, the Court will construe Counsel's request as a Motion for Relief from a Judgment or Order under Federal Rule of Civil Procedure 60, pursuant to which, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment" for a number of reasons, including "mistake, inadvertence, surprise, *or excusable neglect*." Fed. R. Civ. P. 60(b)(1) (emphasis added). Such motions must be filed "within a reasonable time . . . no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). In determining whether a party has engaged in excusable neglect, "a court must take account of all relevant circumstances, including (1) the danger of prejudice to the adverse party; (2) the length of any delay caused by the neglect and its effect on the proceedings; (3) the reason for the delay, including whether it was in the reasonable control of the moving party; and (4) whether the moving party acted in good faith." *Tuskegee N. Advocacy Grp. v. Ctrs. for Disease Control & Prevention*, No. 09-5011, 2010 WL 1558715, at *2 (E.D. Pa. Apr. 19, 2010) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Pursuant to the Eastern District of Pennsylvania ECF Procedures set forth in Local Civil Rule 5.1.2, registration as an ECF Filing User constitutes the registrant's agreement to receive and consent to make service of all documents as provided in the procedures, which agreement and consent is applicable to all future cases until revoked by the ECF User. *See* Local Civ. R. 5.1.2(4)(c). All ECF Users are required to complete an ECF Account Registration Form and a Notification of Case Activity Request Form, *available at*

https://ecf.paed.uscourts.gov/html2/us16000.html, which forms require the applicant to provide at least one current, accurate e-mail address. The Notification of Case Activity Request Form allows the applicant to list up to three additional e-mail addresses for electronic notification of case activity. The Form states explicitly, "If there are any future changes to the information listed above, an amended *Notification of Case Activity Request* must be submitted." The obligation is squarely on the filer, not the Court personnel.

Mr. Greenwood explains that he failed to receive electronic notification of activity in his cases because the ECF system "had an incorrect email address for Counsel." Upon reviewing the electronic notification receipts on the case docket for this action, it appears that notification was sent to "r_greenwood@verizon.net" and "ralfg@verizon.net." The Civil Cover Sheet for the above-captioned action lists a third email address—"ralfgreenwood@rocketmail.com"—at which Mr. Greenwood apparently expected to receive his ECF notifications. It is not, however, the responsibility of the case processing clerks to review each new filing to determine if an attorney's ECF account data remains up to date. As an ECF User, Mr. Greenwood himself is required to keep his contact information current and accurate. *Cf. WorldCom, Inc. v. MCI WorldCom Commc'ns., Inc.* (*In re* WorldCom, Inc.), 708 F.3d 327, 340 (2d Cir. 2013) (holding that responsibility for keeping ECF profile updated lay solely with attorney, failure to update profile violated a court rule, and failure to receive notice of judgment and file a timely appeal was therefore not excusable for the purposes of Fed. R. App. P. 4(a)(6)).

Wholly apart from the duties concerning current contact information, it is well-settled that "[t]he law puts the burden on all parties to check regularly with the Clerk's Office to learn of orders that may have been entered. Parties may not simply rely on the mail or the electronic notification system. Failure by the Clerk's Office to notify parties of the filing of orders is not an

4

acceptable excuse for a party's failure to learn about them." *Tuskegee*, 2010 WL 1558715, at *2 (citing *Poole v. Family Ct.*, 368 F.3d 263, 268 (3d Cir. 2004)). Here, approximately 245 days passed between the July 20, 2012 date on which the complaint was filed, and the March 22, 2013 date on which Counsel was made aware—not as a result of his own investigation, but by voicemail message from the Court—that he had missed a briefing deadline in another matter. Although the Court has no reason to conclude that Counsel's failure to monitor this matter for eight months reflects willful misconduct or bad faith, nonetheless the Court cannot find such a delay excusable under 60(b)(1).

In addition, the Court is at pains to observe that Judge Strawbridge did not simply dismiss Mr. Fitzgerald's complaint out of hand, despite the lack of briefing, but thoroughly reviewed the administrative record in reaching his conclusion that the decision of the Administrative Law Judge ("ALJ") was supported by substantial evidence. As discussed in the R&R, "substantial evidence" is not a very high threshold; if the conclusion of the ALJ is so supported, the Court may not set aside the decision even if the Court itself would have decided the factual inquiry differently. Nothing in the current Motion suggests that additional briefing by Mr. Fitzgerald would lead to a conclusion other than that already reached by this Court. Accordingly, the Court sees no reason to disturb its February 28, 2013 Orders, or to re-open the matter.

An Order consistent with this Memorandum follows.